IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWABS INC., ASSET BACKED CERTIFICATES, SERIES 2006-BC3,<br><br>    Plaintiff,<br><br>v.<br><br>DANNY VRANA, TERESA VRANA, CHARLES VRANA, BRYCE VRANA, SKYLAR VRANA, and SYERRA VRANA,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>Civil Action No. 4:22-cv-1117 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff The Bank of New York Mellon F/K/A The Bank of New York, as Trustee for the Certificate Holders of the CWABS Inc., Asset Backed Certificates, Series 2006-BC3 ("BNYM" or Plaintiff"), and files this *Original Complaint* against Danny Vrana, Teresa Vrana, Charles Vrana, Bryce Vrana, Skylar Vrana, and Syerra Vrana ("Defendants") and shows:

### I.  PARTIES

1. BNYM is a "mortgagee" as is defined in Texas Property Code § 51.001(4) and is appearing through the undersigned counsel.

2. Defendant Danny Vrana is an obligor and mortgagor under the subject loan agreement and may be served with process at 736 F M RD 85, Ennis, Texas 75119, or such other place where he may be found. Summons is requested.

3. Decedent Wesley Vrana ("Decedent") was a borrower under a loan agreement. Decedent died on or about December 19, 2020. Upon information and belief, no probate is open for Decedent's estate in Tarrant County, Texas, the county where the subject Property is located or in the county in which he died. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate.

4. Pursuant to Texas Estates Code §§ 101.001, 202.051, and 202.001, the heirs at law of the Decedents ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of the Decedent's estate, including an undivided interest in the subject real property, immediately upon Decedent's death. Each Heir is made a party in this proceeding.

5. Defendant Teresa Vrana is an obligor and mortgagor under the subject loan agreement. She is also an heir and former wife of Decedent. Teresa Vrana may be served with process at 4125 Longstraw Drive, Fort Worth, Texas 76137, or any other place she may be found. Summons is requested.

6. Defendant Charles Vrana is an heir and son of Decedent. Charles Vrana may be served with process at 9030 Norrell Road, Venus, Texas 76084, or at any other place which he may be found. Summons is requested.

7. Defendant Bryce Vrana is an heir and son of the Decedent. Bryce Vrana my be served with process at 4125 Longstraw Drive, Fort Worth, Texas 76137, or at any other place which he may be found. Summons is requested.

8. Defendant Skylar Vrana is an heir and daughter of the Decedent. Skylar Vrana may be served with process at 4125 Longstraw Drive, Fort Worth, Texas 76137, or at any other place which she may be found. Summons is requested.

9. Defendant Syerra Vrana is an heir and daughter of the Decedent. Syerra Vrana may be served with process at 4125 Longstraw Drive, Fort Worth, Texas 76137, or at any other place which she may be found. Summons is requested.

## II.     PROPERTY

10. This proceeding concerns the real property and improvements commonly known as 4125 Longstraw Drive, Fort Worth, Texas 76137 (the "Property") and more particularly described as follows:

> LOT 21, BLOCK 1, OF PHASE I SUMMERFIELDS, AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE MAP THEREOF RECORDED IN VOLUME 388-111, PAGE 25, OF THE MAP RECORDS OF TARRANT COUNTY, TEXAS.

## III.    DIVERSITY JURISDICTION AND VENUE

11. This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

12. Plaintiff is a trustee of a trust. Plaintiff is a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F. Supp.2d 261, 263 (S.D.N.Y. 2008). A corporation is a citizen of its state of incorporation and state where its principal place of business is located. 28 U.S.C. § 1332(c). The Bank of New York is organized under the laws of Delaware and has its principal place of business in New York.

13. Defendants are individuals and citizens of the State of Texas.

14. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC,* 737 F.3d 338, 341 (5th Cir. 2013).

15. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

16. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Tarrant County Appraisal District values the Property at $146,674.00.

17. Venue is proper in the Northern District of Texas, Fort Worth Division, under 28 U.S.C. § 1391(a)(2) because this suit concerns title to real property located in Tarrant County, Texas.

## IV. FACTS

18. On or about November 28, 2005, for value received, Defendants Danny Vrana, Teresa Vrana, and Decedent Wesley Vrana (collectively, "Borrowers") executed that certain *Adjustable Rate Note* ("Note") in the original principal sum of $112,800.00 bearing interest at the rate of 7.70% per annum. A true and correct copy of the Note is attached hereto as **Exhibit A.**

19. Concurrently with the execution of the Note, Borrowers executed a *Deed of Trust* ("Security Instrument" and together with the Note, "Loan Agreement"), as grantor, granting Plaintiff, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the official public records of Tarrant County, Texas, as Document No. D205374285 on December 15, 2005.  A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.   The Security Instrument identified Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Plaintiff and Plaintiff's assigns and successors. (*See Exhibit B.*) MERS was also identified as the beneficiary of the Security Instrument. *Id.*

20. MERS subsequently executed an *Assignment of Deed of Trust* naming Plaintiff as the beneficiary of the Loan Agreement.  The said assignment was recorded in the official public records of Tarrant County, Texas, as Document No. D212050465 on March 1, 2012.  A true and correct copy of the Assignment is attached hereto as **Exhibit C**.

21. Plaintiff is the current holder of the Note, endorsed in blank, and beneficiary of the Security Instrument. It is also a *mortgagee* of the Loan Agreement, as defined by Texas Property Code § 51.0001(4).

22. On or about December 19, 2020, Decedent passed away. No probate was ever opened for him. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, her heirs acquired all of her interest in the Property immediately upon her death—subject to the Loan Agreement debt owed to Plaintiff.

23. Under the terms of the Loan Agreement, the Borrowers are required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

24. The Loan Agreement further provides that should Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

25. The Loan Agreement is currently due for the April 1, 2022 payment and all subsequent monthly payments. A notice of default was sent via certified mail to each Borrower at the Property's address, in accordance with the Loan Agreement and the Texas Property Code on May 17, 2022. A true and correct copy of the notice of default is attached hereto as **Exhibit D**.

26. The default was not cured, and the maturity of the debt was accelerated. *Notice of Acceleration of Loan Maturity* was sent via certified mail to the Borrowers' last known address and to the Property's address in accordance with the Loan Agreement and the Texas Property Code on August 25, 2022. A true and correct copy of the notices of acceleration is attached hereto as **Exhibit E**.

27. In accordance with Texas Rule of Civil Procedure 54, all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property.

28. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## V. CAUSE OF ACTION- DECLARATORY JUDGMENT

29. The foregoing paragraphs are incorporated by reference for all purposes.

30. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

## VI. CAUSE OF ACTION - ENFORCEMENT OF STATUTORY PROBATE LIEN

31. The foregoing paragraphs are incorporated by reference for all purposes.

32. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan and the following statutory authority:

   a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

   *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*

   b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

   *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

    c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

33. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

## VII. CAUSE OF ACTION- NON-JUDICIAL FORECLOSURE

34. The foregoing paragraphs are incorporated by reference for all purposes.

35. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendants who acquired and/or have a potential interest in the Property subject to Decedent's debts.

36. A public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities, and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process and would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community.

## VIII. CAUSE OF ACTION- JUDICIAL FORECLOSURE

37. The foregoing paragraphs are incorporated by reference for all purposes.

38. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

39. Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of the Tarrant County, Texas where the Property is located directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rules of Civil Procedure 309.

## IX. CAUSE OF ACTION - ATTORNEY'S FEES

40. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the Loan, and Texas Civil Practice and Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Deed of Trust.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Deed of Trust and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property;

c. Attorney fees and costs of suit; *and*

d. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Attorney in Charge
    Texas Bar No. 00787303
    Southern District Admission # 21340
    mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Dallas Parkway, Ste. 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**